<hr/>

NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1885.

DICKERSON *v.* STOKES.

*In the matter of the estate of* JAMES STOKES, *deceased.*

Where a legatee is indebted to the estate of his testator, in a sum less than the amount of the bequest, the executor is bound to apply such portion of the latter as is needed to the satisfaction of the debt. It being permissible that this should be done at once, the testator must be presumed to have designed that the application should be made, as of the date of his death, so far as necessary to the debt's extinguishment, and the balance be treated as the real, substantial legacy, payable at the expiration of one year thereafter.

Testator, who died August 1st, 1881, left a will bequeathing $10,000 to his nephew, D., who, on January 23rd, 1875, had given to the former his promissory note for $5,000, with interest annually, and upon which interest was subsequently paid, up to January 23rd, 1881. A codicil to the will directed that there be deducted from the bequest to D., who had died, *the amount due testator from him and his estate,* and that the balance be distributed among his children. A question having arisen as to the proper method of computing interest upon the note, in making the deduction required,—

*Held*, that the amount payable on the legacy, August 1st, 1882, should be ascertained by deducting, from $10,000, the principal of the note, plus interest thereon to the day of testator's death.

APPLICATION by James S. Dickerson and others, for a decree directing payment to them, by Anson P. Stokes, temporary administrator of the estate of decedent, of a legacy bequeathed to them in a codicil to the will of the latter. The facts appear sufficiently in the opinion.

GRAY & DAVENPORT, *for petitioners.*

BUTLER, STILLMAN & HUBBARD, *for administrator.*

THE SURROGATE.—On January 23rd, 1875, James S. Dickerson gave this testator his promissory note for the payment of $5,000, with interest annually. Up to January 23rd, 1881, such interest was subsequently paid. It has been paid for no period since. On August 1st, 1881, the testator died, leaving a will which contained the following provision :

" I give and bequeath to my nephew, James S. Dickerson, ten thousand dollars."

The will was silent respecting Mr. Dickerson's indebtedness; but in the absence of evidence that, by the gift of the legacy, the testator intended to remit the debt due from the legatee, it would, doubtless, have been the duty of the executors to withhold the amount of such debt from the amount of the legacy (Smith v. Murray, 1 *Dem.*, 34, and cases cited).

The testator, by one of the codicils to his will, modified the provision already quoted, as follows :—
" There shall be deducted from the bequest to James S. Dickerson, since deceased, the amount due me from

him and his estate, and the balance of said bequest remaining after said deduction, shall be distributed in equal shares among his children."

Upon this state of facts, the following question arises: Should the interest of Mr. Dickerson's children, on August 1st, 1882 (the date when their legacy became payable) be ascertained—

(a.) By deducting from $10,000 the amount of the principal of their father's note, ($5,000), plus one year's interest thereon to January 23rd, 1882 ($300), plus interest on $5,300 to August 1st, 1882 ($167.10); or—

(b.) By deducting from the $10,000 the principal of the note, ($5,000), plus interest thereon to August 1st, 1881 ($157)?

By one mode of calculation, the amount payable August 1st, 1882, on the legacy in question, is found to be §4,532.90; by the other it is $4,843. Mr. Dickerson's children are charged, in one event, with $467.10, as interest on the debt, before interest began to run on the legacy, while, in the other, their liability for interest is deemed to have ceased at the death of the testator.

Even in the absence of the codicillary provision above quoted, I should be disposed to approve that method of computation for which the petitioners contend. Where a legatee is indebted to the estate of his testator in a sum less than the amount of the legacy, the executor is bound to apply such portion of the legacy as is needed to satisfy the debt. This he is at liberty to do at once. If, in the present case, the testator had given his nephew a money legacy

precisely equal to the amount due from the nephew at the testator's death, it would scarcely have been contended that, after the lapse of a year, the executor would have been entitled to claim a year's interest on the amount of the debt, upon the ground that no interest had as yet accrued on the legacy. It would rather have been presumed, that, despite the fact that payment of the legacy could not have been enforced until a year had passed, the testator had intended the legacy to operate at once as a full satisfaction and extinguishment of the debt. By parity of reasoning, should it not be presumed, when the legacy is greater than the debt, that the testator designed that the legacy should be at once applied, so far as necessary, to the debt's extinguishment, and that the balance should be treated as the real, substantial legacy, payable one year thereafter to the beneficiary? I have sought in vain for any reported case, in which this question has been squarely decided, but the scheme of computation the more advantageous to these petitioners seems to have been adopted in Courtenay v. Williams (3 *Hare,* 551); Smith v. Smith (3 *Giff.,* 263); Snyder v. Warbasse (11 *N. J. Eq.,* 463); and Cannon v. Apperson (14 *B. J. Lea* [*Tenn.*], 553).

I think that, in the case at bar, this scheme derives a special sanction from the language employed by the testator in the codicil. That codicil speaks from his death. "There shall be deducted," he says, "from the bequest," etc., *the amount due me from him and his estate.*" This means, I take it, the amount due James Stokes on the day of his death.